**\*E-FILED ON 11/15/05\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL CASAREZ,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SAN BENITO and SHERIFF CURTIS HILL,<br><br>  Defendants.<br>_____/ | No. C04-03658 HRL<br><br>**ORDER (1) GRANTING DEFENDANTS' REQUEST FOR AN EXTENSION OF THE LAST DAY TO HEAR DISPOSITIVE MOTIONS; AND (2) SETTING A MODIFIED BRIEFING SCHEDULE**<br><br>**[Re: Docket No. 34]** |

Before the court is defendants' request to extend the December 6, 2005 deadline for hearing dispositive motions. Under the current case schedule, any summary judgment motion should have been filed no later than November 1, 2005. *See* Civ. L.R. 7-2. On November 8, 2005, defendants filed the instant request, stating that they were unable to meet the filing deadline because (1) defense counsel's administrative staff calendared the hearing deadline, but failed to calendar the deadline for filing dispositive motions; and (2) defense counsel therefore was not "alerted of the imminent need to file a summary judgment motion, until it was too late." Plaintiff has stipulated to the requested extension.

This court has the power to relieve a party of an expired time limit for performing an act upon a showing of excusable neglect. FED.R.CIV.P. 6(b). In determining whether a failure was due to

"excusable neglect," courts consider (1) the risk of prejudice to the non-moving party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay (including whether it was within the moving party's control); and (4) whether the moving party's conduct was in bad faith. *See Pioneer Investment Servs. Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).

In the instant case, defendants are essentially seeking an extension of time to file a motion for summary judgment. The court believes that counsel bears ultimate responsibility for being aware of pertinent deadlines and ensuring that papers are timely filed. Here, defense counsel was careless. Indeed, the December 6, 2005 hearing deadline was set nearly two months ago upon the parties' stipulated request for an extension.

Nevertheless, there is no indication that defense counsel acted in bad faith, and plaintiff apparently has no objection to the request. Moreover, the court finds that the current schedule can accommodate a summary judgment hearing on January 3, 2006 without the need to delay the pretrial conference or trial. Further, it may be that the motion will streamline the issues to be tried. As such, the court will extend the last day to hear dispositive motions to **January 3, 2006**.

However, in light of the holidays immediately preceding the January 3, 2006 hearing date, the court will modify the normal briefing schedule to require that the parties' file their papers one week earlier as follows:

- **November 22, 2005**: Deadline for filing dispositive motion
- **December 6, 2005**: Deadline for filing opposition
- **December 13, 2005**: Deadline for filing reply
- **January 3, 2006**: Motion hearing

The parties are further advised that this extension will <u>not</u> be considered good cause for any extensions of the pretrial filing deadlines, the pretrial conference or the trial, which have previously been continued at the parties' request.

IT IS SO ORDERED.

Dated: November 15, 2005

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

1  5:04-cv-3658 Notice will be electronically mailed to:

2  Michael Edward Adams      equitist@earthlink.net

3  Michael C. Serverian      mserverian@rllss.com

4  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.